IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| LINUS KPADUWA,<br>MARK DOIG,<br>PASCHAL EMELUE,<br>STEPHANIE WALL,<br>TAMARA HUTTON,<br>ERAM ZAIDI,<br>JENNY UZOUKWU,<br>CHRISTY RIVERA,<br>DAVEY WRIGHT,<br>KERRIN SOJOURNER,<br>CHARLOTTE KENNEDY,<br>VALERIE THORNTON,<br>EJIKE ACHUMBA,<br>JIMMY AJUWA,<br>MARC NADREAU and<br>FOLAKEMI OREDEKO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP,<br>OPTUM, INC. and<br>THE ADVISORY BOARD COMPANY<br><br>Defendants. | Civil Action No. _____ |

Plaintiffs Linus Kpaduwa, Mark Doig, Paschal Emelue, Stephanie Wall, Tamara Hutton, Eram Zaidi, Jenny Uzoukwu, Christy Rivera, Davey Wright, Kerrin Sojourner, Charlotte Kennedy, Valerie Thornton, Ejike Achumba, Jimmy Ajuwa, Marc Nadreau and Folakemi Oredeko (collectively, "Plaintiffs"), through their undersigned counsel, file this Complaint against Defendants UnitedHealth Group ("UnitedHealth"), Optum, Inc. ("Optum") and The Advisory Board Company ("ABC") (collectively, "Defendants"), seeking all available relief under the Fair

1

Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Maine and Maryland state law. Plaintiffs allege that they were improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a number of the events giving rise to the Complaint occurred in this District. Specifically, Defendant UnitedHealth has its headquarters in Minnesota, in this judicial district.

### PARTIES

4. Plaintiff Linus Kpaduwa ("Kpaduwa') is an individual residing in California. Kpaduwa worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine and Maryland between March and June 2017.

5. Plaintiff Mark Doig ("Doig") is an individual residing in Ohio. Doig worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine and Maryland between August 2016 and April 2017.

6. Plaintiff Paschal Emelue is an individual residing in Tennessee. Emelue worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine between March and April 2017.

7. Plaintiff Stephanie Wall is an adult is an individual residing in Florida. Wall worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland between June and July 2017.

8. Plaintiff Tamara Hutton is an individual residing in Florida. Hutton worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland and DC between March and April 2017.

9. Plaintiff Eram Zaidi is an individual residing in Maryland. Zaidi worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine between March and April 2017.

10. Plaintiff Davey Wright is an individual residing in Georgia. Wright worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland between April and May of 2017.

11. Plaintiff Kerrin Sojourner is an individual residing in South Carolina. Sojourner worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland and DC between May and June of 2017.

12. Plaintiff Charlotte Kennedy is an individual residing in South Carolina. Kennedy worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland between May and June of 2017.

3

13. Plaintiff Valerie Thornton is an individual residing in Mississippi. Thornton worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maryland in March 2017.

14. Plaintiff Ejike Achumba is an individual residing in Georgia. Achumba worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine and Maryland between August 2016 and April 2017.

15. Plaintiff Jimmy Ajuwa is an individual residing in Georgia. Ajuwa worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients between July 2018 and September 2019.

16. Plaintiff Marc Nadreau is an individual residing in California. Nadreau worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine between March 2017 and May 2017.

17. Plaintiff Folakemi Oredeko is an individual residing in Texas. Oredeko worked for Defendants as a Consultant providing support and training in using a new recordkeeping system to Defendants' clients in Maine between March 2017 and April 2017.

18. Each of the Plaintiffs had previously opted into an FLSA collective action titled *Olukayode v. UnitedHealth Group*, CIV. A. NO. 0:19-cv-01101. This collective action was decertified on August 2, 2021. Plaintiffs now file their federal and state law claims individually.

19. Defendant UnitedHealth Group ("UnitedHealth") is a company providing various healthcare and well-being services. UnitedHealth is headquartered in Minnetonka, Minnesota.

20. Defendant Optum, Inc. ("Optum") is a subdivision of UnitedHealth. Optum provides healthcare information services to hospitals and other healthcare facilities, helping these facilities implement new electronic recordkeeping systems.

21. Defendant The Advisory Board Company ("ABC") also provides healthcare information services to healthcare and other client facilities across the United States.

22. In 2017, Optum merged with ABC and assumed the business line at issue in this case.[1]

23. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

24. Defendants' annual gross volume of sales made or business done exceeds $500,000.

**FACTS**

25. As leading healthcare information technology firms, Defendants provide training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. Defendants employ consultants, such as Plaintiffs, who perform such training and support services throughout the United States.

26. Defendants' financial results are significantly driven by the number of Consultants providing training and support services for Defendants' customers and the fees that Defendants charge the customers for these services.

27. Plaintiffs worked for Defendants as Consultants on projects in Maryland, Washington, DC, and Maine.

28. Plaintiffs were paid solely on an hourly basis and was paid only for the time they billed to the end client.

---

[1] *See* "The Advisory Board Company Stockholders Approve Merger Agreement with Optum", Nov. 15, 2017, *available at* https://www.optum.com/about/news/the-advisory-board-company-stockholders-approve-merger-agreement-with-optum.html (last visited Feb. 19, 2019).

29. Plaintiffs routinely worked in excess of 40 hours a week while performing work for Defendants. Plaintiffs' project assignments required them to work up to 12 hours a day, 7 days a week.

30. Defendants improperly, wrongfully and illegally classified Plaintiffs as independent contractors, when the economic reality of their position is that of an employee, and Defendants retain the right of control, and, in fact, actually do control their work.

**Plaintiffs are Employees as a Matter of Economic Reality**

31. The work performed by Plaintiffs is an integral part of Defendants' business. Defendants are in the business of providing information technology educational services to the healthcare industry. Plaintiffs provide support and training to Defendants' clients in connection with the implementation of electronic recordkeeping systems.

32. Plaintiffs' duties do not involve managerial work. They follow the training provided to them by Defendants in performing their work, which is basic training and support in using electronic recordkeeping systems.

33. Plaintiffs do not make any significant relative investments in relation to their work with Defendants. Defendants provide the training and equipment required to perform the functions of their work.

34. Plaintiffs have little or no opportunity to experience a profit or loss related to their employment. Defendants pay Plaintiffs a fixed hourly rate. Plaintiffs do not share in Defendants' monetary success; their income from their work is limited to their hourly rate.

35. Plaintiffs' work does not require special skills, judgment or initiative. Defendants provide training to Plaintiffs which they use to provide training and support to Defendants' clients.

36. Plaintiffs are economically dependent on Defendants. Plaintiffs are entirely dependent upon Defendants for their business, as they are not permitted to perform services for any other company during their time working for Defendants.

37. Plaintiffs are not customarily engaged in an independently established trade, occupation, profession or business.

38. Plaintiffs have little or no authority to refuse or negotiate Defendants' rules and policies; they must comply or risk discipline and/or termination.

39. Defendants instruct Plaintiffs concerning how to do their work and Defendants dictate the details of the performance of their jobs. For example:

   a. Defendants, not Plaintiffs conduct all of the billing and invoicing to Defendants' clients for the work. Defendants bill the third-party customers directly;

   b. Plaintiffs have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Defendants and the third-party client;

   c. Defendants require Plaintiffs to work the entire project from inception to conclusion;

   d. Defendants provide all training needed for Plaintiffs to perform their work; and

   e. Defendants require Plaintiffs to perform in accordance with Defendants' policies, manuals, standard operating procedures and the third-party client's requirements.

40. Plaintiffs often work up to twelve (12) hours per day, seven (7) days per week during their project assignments for Defendants.

41. Plaintiffs have to request Defendants' approval for time off. Defendants have the discretion to grant or deny such requests.

**Plaintiffs are not Exempt as "Computer Employees" under the FLSA**

42. Plaintiffs provide support and training to hospital staff in connection with the implementation of new electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs do not work as, nor are they similarly skilled as, computer systems analysts, computer programmers or software engineers, as defined in 29 C.F.R. § 541.400(a).

43. Plaintiffs' primary duties consist of training and aiding healthcare staff with using new electronic recordkeeping software. This support is also known as "at the elbow". Plaintiffs' primary duties do not include the higher skills of "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs do not analyze, consult or determine hardware, software programs or any system functional specifications for Defendants' clients. *See id.*

44. Plaintiffs do not consult with Defendants' customers to determine or recommend hardware specifications. Plaintiffs do not design, develop, document, analyze, create, test or modify computer systems or programs as defined in 29 C.F.R. § 541.400(b)(2).

45. Plaintiffs are not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA).

CASE 0:21-cv-01991-DSD-JFD   Doc. 1   Filed 09/07/21   Page 9 of 15

Plaintiffs provide support and training to Defendants' clients in using electronic recordkeeping systems.

**Plaintiffs Routinely Work in Excess of Forty Hours a Week**

46. Plaintiffs' project assignments frequently require them to work 12-hour shifts, 7 days a week, while performing work for Defendants.

47. Although Plaintiffs are routinely required to work more than forty (40) hours per week, they do not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and Maine and Maryland state laws.

48. Instead, Plaintiffs are paid a straight hourly rate for hours that they work, regardless of whether they work more than forty (40) hours in a week.

**Defendants Willfully Violated the FLSA**

49. Defendants and their senior management had no reasonable basis to believe that Plaintiffs were exempt from the requirements of the FLSA. Rather, Defendants either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiffs. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendants' actions and/or failures to act, including the following:

    a. At all times relevant hereto, Defendants maintained payroll records which reflected the fact that Plaintiffs did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiffs worked overtime;

    b. At all times relevant hereto, Defendants knew that they did not pay Plaintiffs one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

9

    c.    As evidenced by their own job offer letters, independent contractor agreements, employment agreements, and training materials for consultants, at all times relevant hereto, Defendants were aware of the nature of the work performed by their consultants, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by Defendants' clients, providing basic training and support;

    d.    As evidenced by its own job offer letters, employment agreements, and training materials for consultants, Defendants knew and understood that they were subject to the wage requirements of the FLSA as "employers" under 29 U.S.C. § 203(d).

    e.    At all times relevant hereto, Defendants were aware that their consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

    f.    Defendants lacked any reasonable or good faith basis to believe that their consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendants deliberately misclassified their consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

      g.    At all times relevant hereto, Defendants were aware that they would (and, in fact did) benefit financially by failing to pay Plaintiffs one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

      h.    Thus, Defendants had (and have) a strong financial motive to violate the requirements of the FLSA by misclassifying their consultants as independent contractors.

50.    Based upon the foregoing, Defendants were cognizant that, or recklessly disregarded whether, their conduct violated the FLSA.

## COUNT I
## Violation of the FLSA

51.    All previous paragraphs are incorporated as though fully set forth herein.

52.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

53.    Defendants are subject to the wage requirements of the FLSA because Defendants are employers under 29 U.S.C. § 203(d).

54.    During all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

55.    During all relevant times, Plaintiffs have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

56.    Plaintiffs are not exempt from the requirements of the FLSA.

57.    Plaintiffs are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

58. Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs for all their overtime hours worked by misclassifying Plaintiffs as independent contractors, thereby exempting them from the requirements of the FLSA.

59. Defendants knowingly failed to compensate Plaintiffs at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

60. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

61. In violating the FLSA, on information and belief, Defendants did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of 26 M.R.S.A § 664
### (Brought on Behalf of Plaintiffs Kpaduwa, Doig, Emelue, Zaidi, and Achumba)

62. All previous paragraphs are incorporated as though fully set forth herein.

63. During all relevant times, Defendants were employers within the meaning of 26 M.R.S.A § 663.

64. During all relevant times, Plaintiffs Kpaduwa, Doig, Emelue, Zaidi, and Achumba were covered employees within the meaning of 26 M.R.S.A § 663.

65. Under 26 M.R.S.A § 664, an employee who works in excess of 40 hours a week must receive time and a half for the hours worked in excess of 40.

66. 26 M.R.S.A § 664 does not contain an exemption for computer employees.

67. Pursuant to 26 M.R.S.A § 670, Defendants are liable to Plaintiffs Kpaduwa, Doig, Emelue, Zaidi, and Achumba for unpaid overtime wages, liquidated damages, attorneys' fees and costs.

## COUNT III
### Violation of Maryland Wage and Hour Law and Wage Payment and Collection Law
### (Brought on Behalf of Plaintiffs Kpaduwa, Doig, Wall, Hutton, Uzoukwu, Rivera, Wright, Sojourner, Kennedy, Thornton, and Achumba)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The Maryland Wage and Hour Law ("MWHL") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* Maryland Code, Labor and Employment Article ("LE") §§ 3-415 and 3-420.

70. Defendants are subject to the overtime requirements of the MWHL because Defendants are employers under LE § 3-401.

71. During all relevant times, Plaintiffs Kpaduwa, Doig, Wall, Hutton, Uzoukwu, Rivera, Wright, Sojourner, Kennedy, Thornton, and Achumba were covered employees entitled to the above-described MWHL's protections. *See* LE § 3-401.

72. The Maryland Wage and Hour Law does not contain an exemption from overtime pay for any type of computer employees. LE § 3-415.

73. Defendants failed to compensate Plaintiffs Kpaduwa, Doig, Wall, Hutton, Uzoukwu, Rivera, Wright, Sojourner, Kennedy, Thornton, and Achumba at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of LE §§ 3-415 and 3-420.

74. Defendants' failure and refusal to pay wages due as required by Maryland law was willful and intentional, was not the result of any bona fide dispute between Plaintiffs Kpaduwa, Doig, Wall, Hutton, Uzoukwu, Rivera, Wright, Sojourner, Kennedy, Thornton, and Achumba and Defendants, and was not in good faith. As a consequence, Plaintiffs Kpaduwa,

Doig, Wall, Hutton, Uzoukwu, Rivera, Wright, Sojourner, Kennedy, Thornton, and Achumba are entitled to recover, in addition to their wages, up to two (2) times the amount of the wages claimed as liquidated damages pursuant to L&E § 3-507.1, as well as reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief:

a. Back pay damages for unpaid overtime compensation and prejudgment interest to the fullest extent permitted under the law;

b. Liquidated, punitive, and/or exemplary damages to the fullest extent permitted under the law;

c. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

d. Such other and further relief as this Court deems just and proper.


Dated: September 6, 2021                    Respectfully submitted,

                                            s/ Adam Hansen
                                            Adam Hansen
                                            Apollo Law LLC
                                            333 Washington Ave. N.
                                            STE 300
                                            Minneapolis, MN 55401
                                            adam@apollo-law.com

                                            Harold Lichten*
                                            Olena Savytska*
                                            LICHTEN & LISS-RIORDAN, P.C.
                                            729 Boylston St., Suite 2000
                                            Boston, MA 02116
                                            Telephone: (617) 994-5800
                                            Facsimile: (617) 994-5801
                                            hlichten@llrlaw.com

osavytska@llrlaw.com

David M. Blanchard*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

*Attorneys for Plaintiff
and the Proposed Classes*

* *Pro Hac Vice* anticipated.