UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-1991(DSD/JFD)

Linus Kpaduwa, et al.,

        Plaintiffs,

v.                                                    **ORDER**

UnitedHealth Group, et al.,

        Defendants.


This matter is before the court upon the motion to dismiss by defendants UnitedHealth Group, Optum, Inc., and the Advisory Board Company.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part.


**BACKGROUND**

This dispute arises from plaintiffs' claim that defendants violated the Fair Labor Standards Act (FLSA), Minnesota's overtime wage act, and Maryland's wage and hour law and wage payment, and collection law.[1]  Defendants provide healthcare information

---

[1]  Plaintiffs include Linus Kpaduwa, Mark Doig, Paschal Emelue, Stephanie Wall, Tamara Hutton, Eram Zaidi, Jenny Uzoukwu, Christy Rivera, Davey Wright, Kerrin Sojourner, Charlotte Kennedy, Valerie Thornton, Ejike Achumba, Jimmy Ajuwa, Marc Nadreau, and Folakemi Oredeko.

services to healthcare facilities, including hospitals.   Compl.

¶¶ 19-21.   Plaintiffs were employed by defendants as consultants

who provided recordkeeping support and training to defendants'

clients in Maine, Maryland, and Washington D.C., between 2016 and

2019.   Id. ¶¶ 4-17.

This is not the first lawsuit in which plaintiffs have raised

their grievances.   Plaintiffs were opt-in complainants in

Olukayode v. United Health Group, et al., Civil No. 19-1101, a

putative class action filed on April 23, 2019.   In Olukayode, the

named plaintiffs brought claims under the FLSA and various state

employment statutes based on the same conduct at issue here.   See

Olukayode v. United Health Group, et al., Civil No. 19-1101, ECF

No. 1.   Each plaintiff in this case formally consented to join the

Olukayode lawsuit.   See id. ECF Nos. 44-1, 74-1, 108-1, 109-1,

111-1, 114-1, 118-1, 122-1.

On August 2, 2021, following written discovery, numerous

depositions, and complete briefing, the court decertified

Olukayode as a class action and granted defendants summary judgment

in part.   See id. ECF No. 198.   Relevant here, the court dismissed

the FLSA claim as untimely because the named plaintiff failed to

establish that defendants willfully violated the statute.[2]   Id. at

---

[2]   The FLSA carries a two-year statute of limitations that
may be extended to three years if the violation was "willful."   29
U.S.C. § 255(a).

22-23.  In doing so, the court focused its analysis on defendants'

conduct, as revealed through discovery, to assess whether that

conduct could reasonably be viewed be a jury as willful:

> Here, the record supports a finding that defendants
> did not willfully violate the FLSA. Defendants
> engaged both in-house and outside counsel to
> regularly review its consultants' classifications,
> reviewed every consultant's employment
> classification status, and were never sued for
> misclassification.

Id. at 23.  The court ultimately dismissed all opt-in plaintiffs,

including the plaintiffs in this case, from the action without

prejudice.  Id. at 37.

On September 7, 2021, plaintiffs commenced this suit alleging

the same claims and misconduct by defendants as were at issue in

Olukayode, including the FLSA claim based on willfulness.[3]   See

Compl.  Defendants now move to dismiss the FLSA claim under the

doctrine of collateral estoppel.


**DISCUSSION**

Defendants argue that plaintiffs' willfulness claim under the

FLSA is precluded under the doctrine of collateral estoppel given

the court's previous holding.  The court agrees.

---

[3]    Plaintiffs are represented by the same counsel that
represented them in Olukayode, so they are well familiar with the
issues that were litigated and that case and raised again here.

The issue of willfulness is relevant because it determines the applicable limitations period.  The FLSA imposes a two-year limitations period for non-willful conduct and a three-year limitations period if the employer's conduct was willful.  29 U.S.C. § 255(a).  Given that the allegations in the complaint relate largely to conduct occurring between 2016 and 2017, whether defendants acted willfully is largely irrelevant because most of the allegations are time barred even if the three-year limitations period applies.  See Compl. ¶¶ 4-14, 16-17.  Plaintiff Jimmy Ajuwa alleges, however, that he worked for defendants between July 2018 and September 2019.  Id. ¶ 15.  Thus, it is conceivable that relevant conduct occurred within the limitations period, even if the two-year limitations period applies.  With that context in place, the court turns to the issue at hand: whether plaintiffs can relitigate whether defendants acted willfully under the FLSA.

"[T]he determination of a question directly involved in one action is conclusive as to that question in a second suit." B&B Hardware, Inc. v. Hardis Indus., Inc., 575 U.S. 138, 147 (2015) (internal quotation and citation omitted).  In other words, "a losing litigant deserves no rematch after a defeat fairly suffered." Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991).  Specifically, under the doctrine of collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination

4

is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Servs., Inc., No. 14-cv-292, 2015 WL 5165350, at *3 (D. Minn. Sept. 3, 2015). Here, all elements of collateral estoppel are satisfied with respect to the FLSA claim.

First, the issue of whether defendants willfully violated the FLSA was fully litigated in Olukayode. The FLSA claim was identical to that raised here and defendants' willfulness – or lack thereof - was squarely addressed by the court on a complete record in its order dismissing the claim on summary judgment. Compare Compl. ¶¶ 52-61, with Olukayode v. United Health Group, et al., Civil No. 19-1101, ECF No. 1 ¶¶ 78-87.

Second, the court entered a valid final judgment on the issue of willfulness in granting defendants summary judgment on the FLSA claim. Plaintiffs do not argue to the contrary.

Third, plaintiffs were actual parties in Olukayode as opt-in class members. As such, plaintiffs are subject to the legal determinations made by the court as if they were named plaintiffs. See Borup v. CJS Solutions Grp., LLC, 333 F.R.D. 142, 148 (D. Minn. 2019) ("The FLSA refers to opt-in employees as 'party plaintiffs,' so opt-in plaintiffs hold the same relationship to the case as does the named plaintiff.").

In so holding, the court is unpersuaded by plaintiffs' argument that when a class is decertified the former class members are free to pursue and any all claims raised in the former class action regardless of whether certain universal issues have already been litigated to conclusion.  Although it is true that class members may file individual suits post-decertification, they may not reraise theories they unsuccessfully litigated on summary judgment.  Further, the fact that the court addressed willfulness in Olukayode after addressing decertification does not preclude application of the court's willfulness determination as to the opt-in plaintiffs.  This is particularly so because the willfulness issue is focused on defendants' conduct vis-à-vis the named and opt-in plaintiffs, rather than conduct unique to each individual plaintiff.  In other words, revisiting the issue in the case would involve the same evidence already reviewed and the same analysis already undertaken.  Allowing that to happen would give plaintiffs a second bite at the apple, which collateral estoppel is designed to prevent.

Fourth, the court's previous determination was essential to the outcome of Olukayode because it related directly to the timeliness, and therefore viability, of plaintiffs' claims under the FLSA.

Collateral estoppel bars plaintiffs' claim under the FLSA insofar as it is based on defendants' conduct outside the

applicable two-year limitations period, i.e., before September 7, 2019.  As noted, although the overwhelming majority of allegations involve conduct occurring in 2016 and 2017, Ajuwa alleges that he worked for defendants from July 2018 to September 2019.  As a result, it is conceivable that Ajuwa could have a viable claim under the FLSA even absent willfulness.  Until the precise dates of his employment are known, the court cannot dismiss his claim at this time.  As a result, the court will grant the motion as to all plaintiffs' claims under the FLSA other than Ajuwa.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 17] is granted in part as set forth above; and

2.   To the extent based on conduct occurring before September 7, 2019, plaintiffs' claim under the FLSA (Count I) is dismissed with prejudice.

Dated: January 27, 2022

s/David S. Doty
David S. Doty, Judge
United States District Court